IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 10-cv-03140-WDM-BNB

NATHAN ANDREW LAIDLEY,
on his own behalf and on behalf of a class of others similarly situated,

    Plaintiff,
v.

CITY AND COUNTY OF DENVER,
a Colorado municipal corporation,

    Defendant.

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

Miller, J.

This case is before me on the Motion to Alter or Amend Judgment, filed July 7, 2011, by plaintiff Nathan Laidley (ECF No. 27). Defendant City and County of Denver filed a response on July 21, 2011 (ECF No. 29), and Laidley filed a reply on July 22, 2011 (ECF No. 30). For the reasons that follow, the motion will be denied.

On June 29, 2011, I issued an order granting summary judgment in Denver's favor and dismissing Laidley's claims with prejudice (ECF No. 25). Final judgment entered on June 30, 2011 (ECF No. 26). Laidley's Motion to Alter or Amend Judgment was timely filed. Fed. R. Civ. P. 59(e) (motion to alter or amend judgment must be filed no alter than 28 days after entry of judgment).

In his motion, Laidley argues I should have allowed him the opportunity to amend his Complaint to address factual deficits noted in my summary judgment order. He contends that the failure to allow such an amendment is clear legal error and results in

manifest injustice.  Motion to Alter or Amend, at 2.  Laidley attaches to his motion a Proposed First Amended Class Action Complaint and Jury Demand in which he clarifies that he has no information about what happened to his vehicle after it was impounded, merges his Fourth Amendment and Fourteenth Amendment claims, and alleges that any wrongful seizure occurred pursuant to the portion of the Denver Municipal Code held invalid in my summary judgment order.

Laidley correctly notes that he cannot seek leave to amend his complaint unless and until I order relief under Rule 59(e).  The law is clear in the Tenth Circuit that, after judgment is entered, "the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quotations omitted).  The presumption that leave to amend should be freely given when justice so requires is reversed where judgment has entered and a case has been dismissed.  *Id.*  "Courts have refused to allow a postjudgment amendment when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave."  *Id.* at 1088.  Accordingly, before addressing Laidley's proposed amendments, I must determine whether relief is warranted under Rule 59(e).

"A Rule 59(e) motion to alter or amend the judgment should be granted only '"to correct manifest errors of law or to present newly discovered evidence."'"  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotations omitted).  *See also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration under Rule 59(e) is warranted for:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

2

injustice"). A Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Laidley does not argue that judgment should be altered because of newly discovered evidence or an intervening change in controlling law. Instead, he challenges the procedural basis of my order and argues it was improper for me to dismiss his claims without allowing him to amend his complaint.

In this case, my May 11, 2011 Order (ECF No. 21) clearly put Laidley on notice that I intended to treat the motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). I allowed additional time for the parties to present any evidence they wanted me to consider in the context of Rule 56. Laidley responded to my order, indicating he did not dispute the evidence of his guilty plea attached to the motion to dismiss. In his motion to alter or amend, Laidley argues that once he agreed that I could consider the guilty plea, "Rule 12(d)'s reference to Rule 56 summary judgment standards became irrelevant, and the Court's reference to Fed.R.Civ.P. 56 in its May 11, 2011 order became superfluous." Motion to Alter or Amend, at 5-6. Laidley misinterprets Rule 12(d). The language of that rule is mandatory: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." Rule 12(d). When Denver attached evidence of his guilty plea to its motion to dismiss, Laidley could have sought to amend his complaint to add reference to his guilty plea, but he did not do so.

Laidley also contends that, notwithstanding my determination that the motion to dismiss should be treated as a motion for summary judgment, he was not "under any duty to create any record or adduce any evidence" because the purpose of Rule 12(d) is merely

to ensure that "extra-complaint" facts are undisputed. Motion to Alter or Amend, at 5. The plain language of Rule 12(d) is not limited to the evidence attached to a motion to dismiss. Rather, it directs that the parties be given the opportunity to present any and all evidence pertinent to the motion.

Laidley next asserts that I was required to advise him of my intent to dismiss the complaint on summary judgment and to provide him "with notice of the substance of each and every pleading or evidentiary omission to be relied on." Motion to Alter or Amend at 6. He cites Rule 56(f) in support. This portion of Rule 56 only applies where the court decides to grant judgment independent of a motion for summary judgment. This was not the case here, and I am aware of no authority requiring that I act as an advocate for a party by notifying them of errors or omissions in their pleadings before ruling on them.

Laidley argues that I should not have dismissed his claims based on a lack of evidence without permitting him to amend his complaint. The cases he cites, however, were decided in the context of Rule 12 motions to dismiss or under 28 U.S.C. § 1915(e). Summary judgment, by contrast, must be granted once "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) (providing that once the standard is met, the court "*shall* grant" summary judgment). Further, my review of the proposed amended complaint reveals no changes that could not have been made by motion to amend prior to my ruling on the summary judgment motion.

Because Laidley's arguments do not establish clear error or manifest injustice, relief under Rule 59(e) is not warranted.

Accordingly, it is ORDERED that the Motion to Alter or Amend Judgment, filed July

4

7, 2011 (ECF No. 27), is denied.

DATED at Denver, Colorado, on July 25, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge